IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.                                                                             No. 24-2089

LAZARUS SHAMAR SANDERS,

        Defendant-Appellant.

**MOTION FOR SUMMARY DISPOSITION AND REMAND**

Although the parties have not filed their briefs, defense counsel drew the government's attention to a procedural error that occurred during sentencing. The government agrees that the district court erred. It therefore confesses error and respectfully requests that this Court remand this case for resentencing. The government also asks that the briefing schedule be suspended until the Court can decide this motion. In support, the government states as follows:

    1.     Defendant, Lazarus Shamar Sanders, pleaded guilty without a plea agreement to one count of being a felon in possession of a firearm and ammunition. 2R.5, ¶¶ 2-3.[1]

---

[1] Citations to "R." are to the Record on Appeal, preceded by the volume number and followed by the "DNM" page number at the bottom of each page.

2. The Presentence Investigation Report (PSR) disclosed that Sanders had previously been convicted twice in New Mexico state court. 2R.9-11, ¶¶ 27-28. For each of these convictions, the PSR assigned two criminal history points. *Id.*

3. There were two sentencing hearings. At the first, the parties and the district court agreed that Sanders had *four* criminal history points, which placed him in Criminal History Category ("CHC") III and, along with his total offense level of 21, resulted in a guideline range of 46 to 57 months. Volume 1, Record on Appeal, at PDF page 102.[2] The district court said it was considering an upward departure under U.S.S.G. § 4A1.3 because it was inclined to think that Sanders's CHC underrepresented his criminal history. *Id.* at 110-15. The court continued the sentencing hearing to allow the parties to file briefs addressing the contemplated upward departure. *Id.* at 115-17.

4. At the second sentencing hearing, after hearing argument from the parties, the district court expressed its intent to depart upward and adjust Sanders's CHC of III to a CHC of IV by adding one criminal-history point to each of his two prior convictions. 4R.30-32. The court said that this

---

[2] Volume 1 of the Record on Appeal consists of 118 pages, and the transcript of the first sentencing hearing is at the end, *i.e.* at pages 97 to 118 of the PDF file. Apparently, an error occurred in inserting the "DNM" page numbers at the bottom of each page of the transcript, because the first page of the transcript begins with "DNM 1" instead of "DNM 97." To avoid any confusion, the government is citing to the page number of the PDF file.

raised Sanders's guideline range to 57 to 71 months. *Id.* at 32. The district court then sentenced Sanders to 71 months' imprisonment. *Id.* at 32-33.

5. The problem is that when the district court added one criminal-history point to each of Sanders's two prior convictions, he then had a total of *six* criminal-history points. But six criminal history points still placed Sanders in CHC III, not CHC IV. *See* U.S.S.G., Sentencing Table (noting that a defendant must have at least seven criminal-history points to be in CHC IV).

6. The district court therefore erred by concluding that adding two criminal-history points raised Sanders's guideline range, when it did not.

7. Neither party objected to the district court's calculation, so this claim is subject to plain-error review. The government believes that Sanders would be able to satisfy this standard:

    a. The district court's conclusion that adding two criminal-history points raised Sanders's guideline range is error that is plain, because six criminal-history points does not result in a CHC of IV. *See* U.S.S.G., Sentencing Table.

    b. An erroneously calculated, higher guideline range generally affects a defendant's substantial rights. *See United States v. Rosales-Miranda*, 755 F.3d 1253, 1259 (10th Cir. 2014) (citations omitted).

3

    c.  This Court has also stated that patent computational errors in determining a defendant's guideline range weigh in favor of a conclusion that the fourth prong of the plain-error test is satisfied. *Rosales-Miranda*, 755 F.3d at 1262.

8.    The government believes that the proper remedy is to remand this case for resentencing (with the starting point being the four criminal-history points that the parties and the district court agreed that Sanders had before the district court departed upward).

9.    Sanders's opening brief is presently due on October 10, 2024. The government respectfully requests that this briefing deadline be suspended until this Court decides this motion.

10.    Defense counsel, Amanda Skinner, has reviewed this motion and has informed the undersigned that she agrees that the above-described error occurred and that the appropriate remedy is a remand for resentencing.

    The government therefore respectfully asks that this Court remand this case to the district court for resentencing.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*s\ Emil J. Kiehne*
EMIL J. KIEHNE
Assistant U.S. Attorney
201 3rd Street, Suite 900
Albuquerque, NM 87102
(505) 346-7274
emil.kiehne@usdoj.gov

CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION

     I HEREBY CERTIFY that the foregoing motion was filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system on October 7, 2024. I ALSO CERTIFY that Amanda Skinner, attorney for Defendant-Appellant Lazarus Shamar Sanders, is a registered CM/ECF user, and that service will be accomplished by the appellate CM/ECF system. I ALSO CERTIFY that this document contains 763 words and that I relied on my word processor, Microsoft Word 2016, to obtain this count.

                                  *s\ Emil J. Kiehne*
                                  EMIL J. KIEHNE
                                  Assistant U.S. Attorney